## MARTINSON *v.* KRESKI

QUO WARRANTO—HOSPITAL TRUSTEES—QUALIFICATION FOR OFFICE—
ESTABLISHMENT OF HOSPITAL—STATUTE.

> A county public hospital is "established" when its construction and operation are approved by the voters of the county; therefore hospital trustees named by the county board of supervisors after such construction and operation were approved by the voters of the county held office properly where statute provided that once the hospital was "established" the trustees could be chosen either by means of a public election or by being elected by the county board of supervisors (MCLA § 331.153).

Appeal from Iron, Ernest W. Brown, J. Submitted Division 3, May 5, 1969, at Marquette. (Docket No. 5,745.) Decided June 24, 1969.

Complaint in *quo warranto* by Sigard Martinson against Edward J. Kreski, Edward S. Jacobs, Robert W. Edwards, Robert Thomas, Franklin Pardee, Libero Angeli, and Mrs. Earl (Margaret) Kniivila to determine defendants' right to hold office as hospital trustees, and for injunctive relief. Defendants' motion for summary judgment granted. Plaintiff appeals. Affirmed.

*McNeil, Payant & Mouw,* for plaintiff.

*H. James Starr,* for defendants.

---

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur, Quo Warranto § 25.

BEFORE: J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

Per Curiam. This is an appeal from an order granting summary judgment dismissing plaintiff's action in *quo warranto*.

In 1965 a referendum was submitted to the voters of Iron county to establish a county hospital in accord with MCLA § 331.151 *et seq.* (Stat Ann 1969 Cum Supp § 14.1131 *et seq.*). A majority of the voters favored the establishment of the hospital.

Under the statute the county board of supervisors appointed 7 trustees and provided that the board of supervisors should by majority vote provide for successor trustees at the November meeting preceding the expiration date of their terms of office.

Plaintiff brought suit against the members of the board of trustees challenging their right to serve on the board. MCLA § 331.153 (Stat Ann 1956 Rev § 14.1133) reads as follows:

"If a majority of all the votes cast upon the question are in favor of establishing such county public hospital, the board of supervisors shall proceed at once to appoint 7 trustees chosen from the citizens at large with reference to their fitness to such office, 3 of whom may be women, all residents of the county, not more than 4 of the trustees to be residents of the city, township or village in which the hospital is to be located, who shall constitute a board of trustees for the public hospital. The trustees shall hold their offices until the next following November election when 7 hospital trustees shall be elected and hold their offices, 2 for 2 years, 2 for 4 years, 3 for 6 years, and who shall by lot determine their respective terms. At each subsequent November election the offices of the trustees whose terms of office are about to expire shall be filled by the nomination and election of hospital trustees in the same manner as

other officers are elected, none of whom shall be practicing physicians. The board of supervisors of any county where a county public hospital is established, may, by a majority vote of all members elect, provide for election of the trustees by the board of supervisors instead of choosing them by election at the November election as herein provided."

It is the plaintiff's contention that the board of supervisors did not have the authority to elect the trustees, as provided in the last sentence of the act, until the hospital was physically established. The defendants claim that the word "established" means legally established and the hospital was established as the electorate voted in favor of having the hospital.

From a reading of the entire statute it is our opinion that the legislature used the term "established" in a legal sense. As stated in *Muskegon Traction & Lighting Co.* v. *City of Muskegon* (1911), 167 Mich 331, 337:

" 'To establish' means 'to originate and secure the permanent existence of; to found; to institute; to create and regulate; to make stable and firm.' We are of the opinion that the legislature used the word 'establish' in this statute to characterize a legal, rather than a physical, act."

Affirmed. Costs to appellees.